# EXHIBIT "A"

Filing # 130226609 E-Filed 07/07/2021 10:44:50 PM

BF 230

AUG 30 2021

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

SARA BERRY,

  Plaintiff,

v.

CASE NO.: 21-CA- 2021 CA 001208
FLA BAR NO.: 0739685

NORTHSTAR CONTRACTING
GROUP, INC., and FLORIDA DEPARTMENT
OF ENVIRONMENTAL PROTECTION,

## SUMMONS

  Defendants.
_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

  YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**NORTHSTAR CONTRACTING GROUP, INC
C/O CORPORATION SERVICE COMPANY – REGISTERED AGENT
1201 HAYS STREET
TALLAHASSEE, FL 32301**

  Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

  DATED on _____, 2021.

CLERK OF THE CIRCUIT COURT

By: _____  07/08/2021

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**SARA BERRY,**

CASE NO.: 21-CA-
FLA BAR NO.: 0739685

 **Plaintiff,**

v.

**NORTHSTAR CONTRACTING
GROUP, INC., and FLORIDA DEPARTMENT
OF ENVIRONMENTAL PROTECTION,**

 **Defendants.**

_____/

## COMPLAINT

Plaintiff, SARA BERRY, hereby sues Defendants, NORTHSTAR CONTRACTING GROUP, INC., and FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes, and under the Rehabilitation Act, codified at 29 U.S.C. § 794 *et seq.*, and 42 U.S.C. § 1981a.

2. This action involves claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, SARA BERRY, has been a resident of the State of Florida and was employed by Defendants. Plaintiff is a member of a protected class due to her gender and pregnancy, and due to her association with a disabled individual. At all times

material hereto, she resided in Leon County, Florida. She is an individual over 18 years of age and is thus *sui juris*.

4. At all times pertinent hereto, Defendant, NORTHSTAR CONTRACTING GROUP, INC., (hereinafter Northstar) has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims and was a joint employer with DEP.

5. At all times pertinent hereto, Defendant, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION (hereinafter DEP), has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims and was a joint employer with Northstar.

## CONDITIONS PRECEDENT

6. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and Equal Employment Opportunity Commission. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

7. Plaintiff, a female who was pregnant and was thereafter associated with a disabled individual (her daughter) began her employment with DEP in or about 2016.

8. Plaintiff began her employment with Defendant Northstar on or about March 2017 as an Administrative Assistant II and her position was at DEP.

9. Despite her stellar work performance during her employment with Defendants, Plaintiff has been subjected to disparate treatment, different terms and conditions of

employment, and was held to a different standard because of her pregnancy, gender and her association with a disabled individual (her daughter).

10. The disparate treatment and retaliation came at the hands of specifically but not limited to her DEP Supervisor Grace Rivera.

11. Plaintiff worked at the DEP office in Tallahassee. At the time of her assignment to DEP by Northstar, Plaintiff was pregnant and also not married.

12. Sadly, Plaintiff's pregnancy was deemed high risk.

13. Plaintiff made sure that both Defendants were aware of her high-risk pregnancy.

14. One of Plaintiff's supervisors from DEP, Grace Rivera, made discriminatory comments about Plaintiff being pregnant and also single.

15. Plaintiff complained about the treatment she received form Ms. Rivera. Thereafter, on June 26, 2017, Northstar in conjunction with DEP made the decision to move Plaintiff to Northstar's Tallahassee office.

16. Plaintiff was told that her position would become permanent and that she was to create Public Relations Projects; however, once she arrived on assignment Defendants refused to place her in a permanent position and instead only permitted her to handle clerical tasks such as filing.

17. Defendants' failure to place Plaintiff in a permanent position and its employees making discriminatory comments related to Plaintiff's marital status and her pregnancy resulted in high levels of stress, and caused Plaintiff's blood pressure to rise to an unsafe level.

18. On or about August 1, 2017, Plaintiff reported to work as normal before her afternoon appointment with her OBGYN.

19. When Plaintiff arrived at her appointment, her blood pressure was extremely elevated, which required her to undergo an emergency C-section to deliver her baby.

20. Plaintiff's baby was born at twenty-six (26) weeks and weighted one (1) pound and six (6) oz and was immediately placed in the Neonatal Intensive Care Unit (NICU).

21. Plaintiff requested to be placed on FMLA to care for her prematurely born daughter.

22. Defendants denied her request and instead she received short term disability.

23. Plaintiff returned to work on September 18, 2017.

24. In October 2017, Plaintiff's daughter was airlifted to Shands Hospital in Gainesville for emergency care.

25. Plaintiff again requested time off to be with her infant child.

26. This time one of her supervisors told her that she could take unpaid leave, and that her job would be safe.

27. However, after three (3) weeks, Defendants demanded that Plaintiff return to her job or be fired.

28. Plaintiff requested the reasonable accommodation to telework to care for her infant daughter; however, Defendants denied her that request. Plaintiff could perform all functions of the job she was promised while teleworking.

29. Finally, Plaintiff provided a doctor's note that she needed to be off of work for a week because her daughter was undergoing life threatening surgeries. At this point, Defendants terminated her.

30. Other employees of Defendant were allowed to take time off for personal reasons and to care for disabled relatives. Plaintiff was not given the same considerations.

31. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## SEX/PREGNANCY DISCRIMINATION
### (Brought Against Defendant NORTHSTAR)

32. Paragraphs 1-31 are re-alleged and incorporated herein by reference.

33. This is an action against Defendant for discrimination based upon her pregnancy brought under Chapter 760, Florida Statutes.

34. Plaintiff has been the victim of discrimination on the basis of Plaintiff's pregnancy in that Plaintiff was treated differently than similarly situated employees of Defendant who were not pregnant and has been subject to disparate and poor treatment on the basis, at least in part, of Plaintiff's gender/pregnancy.

35. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions, and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

36. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

37. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

38. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

39. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination.

40. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of Chapter 760, Florida Statutes.

41. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and compensatory and punitive damages.

## COUNT II
## SEX/PREGNANCY DISCRIMINATION
### (Brought Against Defendant DEP)

42. Paragraphs 1-31 are re-alleged and incorporated herein by reference.

43. This is an action against Defendant for discrimination based upon her pregnancy under Chapter 760, Florida Statutes.

44. Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender/pregnancy in that Plaintiff was treated differently than similarly situated employees of Defendant who were not pregnant and has been subject to disparate and poor treatment on the basis, at least in part, of Plaintiff's gender and pregnancy.

45. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions, and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

46. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

47. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

48. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

49. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination.

50. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of Chapter 760, Florida Statutes.

51. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and compensatory damages.

## COUNT III
### VIOLATION OF THE REHABILITATION ACT
### ASSOCIATIONAL DISABILITY/ HANDICAP DISCRIMINATION
(Brought Against Defendant NORTHSTAR)

52. Paragraphs 1-31 are incorporated herein by reference. This is an action against Defendant for discrimination based her association with her daughter who had a handicap and/or disability, which is a violation of 29 U.S.C.§ 794 et seq. This action is pled in the alternative.

53. Plaintiff's daughter actively or perceptively suffered from a physical or mental disability that substantially limits one or more of her major life activities and/ or has a record of such impairment.

54. Defendant is an "employer" as the term is defined in the relevant statute and was receiving federal funds at the time of its discrimination against Plaintiff.

55. Defendant, solely because of her association with an individual that had a handicap/disability excluded Plaintiff's participation in, denied Plaintiff the benefits of, or subjected Plaintiff to discrimination under a program or activity as defined in the relevant statute. This was accomplished through Defendant's agents, apparent agents, and employees.

56. Defendant took action against Plaintiff because of her association with her daughter who had a disabling condition, Alternatively, Defendant perceived Plaintiff's daughter to be disabled and took action against Plaintiff as a result thereof.

57. There is no legitimate reason that has been offered by Defendant nor can there be any legitimate reason for the adverse treatment of Plaintiff.

58. Defendant knew or should have known of these conditions as they were open and notorious and well known to Defendant. The adverse treatment of Plaintiff, together with the facts set forth above, were brought to the attention of Defendant and Defendant perpetuated this treatment by condoning the actions and inactions affecting Plaintiff.

59. Defendant harbored ill-motives and intent to cause disparate and retaliatory treatment of Plaintiff.

60. Defendant is responsible for the violations of Plaintiff's rights as set forth herein because it exercised control over the adverse treatment of Plaintiff. In the alternative, Defendant failed to properly supervise its employees thereby causing foreseeable harm to Plaintiff's rights set forth herein.

61. As a direct and proximate cause of Defendant's actions described above, Plaintiff has sustained damages including but not limited to mental, nervous, and emotional injury. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages. These damages have occurred in the past, are occurring at present and will continue in the future. Plaintiff is entitled to injunctive/equitable relief and compensatory and punitive damages.

**COUNT IV**
**VIOLATION OF THE REHABILITATION ACT**
**ASSOCIATIONAL DISABILITY/ HANDICAP DISCRIMINATION**
**(Brought Against Defendant DEP)**

62. Paragraphs 1-31 are incorporated herein by reference. This is an action against Defendant for discrimination based her association with her daughter who had a handicap and/or disability, which is a violation of 29 U.S.C.§ 794 et seq. This action is pled in the alternative.

63. Plaintiff's daughter actively or perceptively suffered from a physical or mental disability that substantially limits one or more of her major life activities and/ or has a record of such impairment.

64. Defendant is an "employer" as the term is defined in the relevant statute and was receiving federal funds at the time of its discrimination against Plaintiff.

65. Defendant, solely because of her association with an individual that had a handicap/disability excluded Plaintiff's participation in, denied Plaintiff the benefits of, or subjected Plaintiff to discrimination under a program or activity as defined in the relevant statute. This was accomplished through Defendant's agents, apparent agents, and employees.

66. Defendant took action against Plaintiff because of her association with her daughter who had a disabling condition, Alternatively, Defendant perceived Plaintiff's daughter to be disabled and took action against Plaintiff as a result thereof and/or refused to reasonably accommodate her.

67. There is no legitimate reason that has been offered by Defendant nor can there be any legitimate reason for the adverse treatment of Plaintiff.

68. Defendant knew or should have known of these conditions as they were open and notorious and well known to Defendant. The adverse treatment of Plaintiff, together with the facts set forth above, were brought to the attention of Defendant and Defendant perpetuated this treatment by condoning the actions and inactions affecting Plaintiff.

69. Defendant harbored ill-motives and intent to cause disparate and retaliatory treatment of Plaintiff.

70. Defendant is responsible for the violations of Plaintiff's rights as set forth herein because it exercised control over the adverse treatment of Plaintiff. In the alternative, Defendant failed to properly supervise its employees thereby causing foreseeable harm to Plaintiff's rights set forth herein.

71. As a direct and proximate cause of Defendant's actions described above, Plaintiff has sustained damages including but not limited to mental, nervous, and emotional injury. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of

capacity for the enjoyment of life, and other damages. These damages have occurred in the past, are occurring at present and will continue in the future. Plaintiff is entitled to injunctive/equitable relief and compensatory damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 7th day of July, 2021.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF