**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**SARA BERRY,**

       *Plaintiff,*

**v.**                                    **Case No.:  4:21cv400-MW/MAF**

**NORTHSTAR CONTRACTING**
**GROUP, INC., and FLORIDA**
**DEPARTMENT OF ENVIRONMENTAL**
**PROTECTION,**

       *Defendants.*
_____/

## ORDER DENYING MOTION TO STAY

On June 17, 2020, this Court dismissed, without prejudice, a case largely identical to this one based on Plaintiff's failure to prosecute. Almost a year later, Plaintiff filed this suit in state court. Defendant NorthStar then removed the case to this Court. ECF No. 1. Now, pursuant to Federal Rule of Civil Procedure 41(d), NorthStar moves for an order requiring Plaintiff to pay NorthStar's costs from her dismissed case and staying this case until she complies. ECF No. 10.

When "a plaintiff who voluntarily dismissed an action files a second action against the same defendant based on or including the same claim," Rule 41(d) permits this Court to  "(1) . . . order the plaintiff to pay all or part of the costs of that previous action; and (2) . . . stay the proceedings until the plaintiff has complied."

*Sargeant v. Hall*, 951 F.3d 1280, 1281 (11th Cir. 2020) (quoting Fed. R. Civ. P. 41(d)). This Court may impose those sanctions, however, "*only* if the plaintiff has dismissed the previous action." *Duchardt v. Ewing*, 571 F.2d 869, 870 (5th Cir. 1978) (emphasis added).[1] Thus, when "the prior action was not dismissed by the plaintiff, but rather was the subject of an involuntary dismissal by the court," Rule 41(d) does not apply. *Id.* at 870.

This Court does not find Defendant's attempts to distinguish *Duchardt* persuasive. Although the underlying dismissal in *Duchardt* stemmed from a default by both the plaintiff and the defendant, the court explained in no uncertain terms that Rule 41(d) applies only to voluntary dismissals. *Duchardt* is thus binding in this case.

Plaintiff did not dismiss the previous action; this Court did. Defendant's motion is therefore **DENIED**.

> **SO ORDERED on November 22, 2021.**

> > s/Mark E. Walker
> > **Chief United States District Judge**

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.