IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SARA BERRY,

    *Plaintiff*,

v.                              Case No.: 4:21cv400-MW/MAF

NORTHSTAR CONTRACTING
GROUP, INC., et al.,

    *Defendants*.
_____/

## ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT IN PART AND REMANDING STATE LAW CLAIMS

This Court held a telephonic hearing on Defendants' motions for summary judgment, ECF Nos. 47 & 49, on January 6, 2023. For the reasons stated on the record at the hearing and summarized below, Defendants' motions, ECF Nos. 47 & 49, are **GRANTED in part**. Plaintiff's federal claims, Counts III and IV, are **DISMISSED**. This Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims and **REMANDS** Counts I and II to state court.

I

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine" dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Facts are "material" with respect to the substantive law if they form disputes that are not "irrelevant or unnecessary" and have the potential to "affect the outcome of the suit." *Id*.

A nonmoving party's failure to provide record evidence of an element for which it bears the burden of proof at trial mandates the entry of summary judgment for the moving party, "since a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). As it must, this Court accepts the facts in the light most favorable to the nonmovant, *see Galvez v. Bruce*, 552 F.3d 1238, 1241 (11th Cir. 2008), and it does not weigh conflicting evidence to resolve disputed factual issues, *see Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007).

II

This is an employment discrimination case. Plaintiff brings four counts against Defendants Northstar Contracting Group, Inc. (Northstar), and Florida Department of Environmental Protection (DEP). Counts I and II allege pregnancy discrimination claims under the Florida Civil Rights Act and Counts III and IV allege disability discrimination claims under the federal Rehabilitation Act. *See* ECF No. 1-2. In essence, Plaintiff alleges that both Defendants, acting as joint employers, discriminated against her by transferring her to a position with less prestige and fewer responsibilities due to her pregnancy—or due, in part, to her pregnancy—and

2

later discriminated against her in not allowing her to work remotely, which would have allowed her to take care of her child who was born prematurely.

This Court addresses the federal claims first. As to Counts III and IV, Plaintiff asserts Defendants violated the Rehabilitation Act by discriminating against her based on her association with a disabled child by not allowing her to work remotely and ultimately terminating her.

As to DEP, this Court finds that DEP is not liable for actions Northstar took once Plaintiff was transferred away from on-site work at DEP. Following her transfer, Plaintiff points to no record evidence suggesting that DEP continued to exercise the same control exerted when she was an embedded employee at DEP. But even if Plaintiff's theory of joint employment is viable, there is no causal evidence that would permit a reasonable jury to find that DEP did anything that resulted in Plaintiff's termination.

Further, Plaintiff conceded on the record that, assuming *arguendo* that both Defendants are liable as employers under the Act, the law does not require them to reasonably accommodate an employee—like Plaintiff—who is caring for a disabled child. Assuming Counts III and IV are, instead, disparate treatment claims, the record and all reasonable inferences drawn therefrom do not give rise to a reasonable inference that Defendants were treating Plaintiff differently (by not allowing her to work remotely and later terminating her) because she was associated with and caring

for her child. Indeed, there is no evidence in this record demonstrating, or permitting the reasonable inference, that DEP allowed embedded contractors to do their work remotely at the time Plaintiff was employed. To the contrary, the evidence shows that Northstar had employees embedded on-site at DEP because their work required that they use DEP's computers and systems. The fact that, years later, DEP was able to shift its operations to allow for remote work in response to a global pandemic permits only a reasonable inference that doing the embedded work remotely was *possible*. Although a jury could infer that switching to remote work was possible, there is no evidence showing what it took to accomplish the transfer to remote work during the pandemic or the scale of that modification of operations. Evidence that remote work was possible, on its own, does not permit the reasonable inference that Defendants were treating Plaintiff based on her association with her child.

Likewise, evidence that Northstar may have accommodated employees with disabilities by allowing them to work remotely does not allow for a reasonable inference that Plaintiff was treated differently or worse because she was associated with a family member who was disabled. This is mixing apples with oranges and does not create a dispute of material fact.

Moreover, there is no evidence to suggest that Northstar was motivated by the assumption that Plaintiff's association with her child would raise the cost of providing health insurance to Plaintiff based on her child's special needs. In fact, the

record evidence is to the contrary. Namely, Northstar's payroll administrator explicitly noted that "Northstar's medical plan [was] not going to take the hit," because Plaintiff was on Medicaid at the time. *See* ECF No. 52-35 at 2. In short, as explained on the record at the hearing and summarized herein, even construing all facts and inferences drawn there from in the light most favorable to Plaintiff, as this Court must,  Defendants are entitled to summary judgment on Counts III and IV. Accordingly, their motions, ECF Nos. 47 & 49 are **GRANTED** as to those claims. Counts III and IV are **DISMISSED with prejudice**.

### III

This is not the end of the inquiry. Counts I and II remain; however, these are both state-law claims under the Florida Civil Rights Act. These claims were originally before this Court pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a). Having dismissed all federal claims, this Court has discretion to continue to exercise jurisdiction over the state claims or remand them to state court. *See Silas v. Sheriff of Broward Cnty., Fla.*, 55 F.4th 863, 865 (11th Cir. 2022); *see also* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). The Eleventh Circuit has recently emphasized that, "[a]lthough the district court has discretion, concerns of federalism—namely, of federal courts of limited jurisdiction weighing in on state

law—counsel in favor of dismissing state-law claims after the federal claims are dismissed." *Silas*, 55 F.4th at 866. Indeed, the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Id*. (quoting *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004)). Accordingly, pursuant to 28 U.S.C. § 1367(c)(3) and in accordance with the Eleventh Circuit's encouragement, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.

The Clerk shall enter judgment stating, "Plaintiff's claims in Counts III and IV are dismissed with prejudice." Further, Counts I and II are **REMANDED** to the Second Judicial Circuit in and for Leon County. The Clerk shall take all steps necessary to effect the remand. Finally, the Clerk shall **TERMINATE** Defendants' motions in limine, ECF No. 58 and 59, which may be renewed before the state court and close the file.

**SO ORDERED on January 6, 2023.**

                                                                            <u>s/Mark E. Walker</u>
                                                                            **Chief United States District Judge**